```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

ANTHONY J. CLESI, JR.                      CIVIL ACTION

VERSUS                                     NO: 06-2157

ROBERT V. BROWN, ET AL.                    SECTION: "A" (5)
```

## ORDER AND REASONS

Before the Court is a **Motion to Vacate Arbitrators' Award (Rec. Doc. 14)** filed by plaintiff Anthony J. Clesi, Jr. Defendants, JPMorgan Chase Bank, NA and Robert V. Brown, oppose the motion. The motion, set for hearing on July 25, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion to vacate the award is DENIED.

### I.  BACKGROUND

Plaintiff, Anthony J. Clesi,Jr. ("Plaintiff"), filed a statement of claim against his investment advisor Robert V. Brown and Brown's employer Chase Bank (collectively "Defendants") claiming that he sought financial advise from Brown in the mid to late 1990s concerning his eventual retirement. Plaintiff

contends that Brown recommended that he invest significant sums into variable annuities. Plaintiff states that Defendants assured him that he could retire in confidence and would be financially secure for the balance of his life because of the fixed income that he would receive from the annuities. Plaintiff claims that from time to time over the last ten years he asked Brown about the status of his retirement accounts and was assured that all was well. According to Defendants Plaintiff made significant withdrawals from the accounts over the years and at least one financial advisor had advised him in 1998 that his current cash flow was negative and that he was overspending. Plaintiff, an attorney at law, contends that he had a very limited understanding of the annuities and he only learned "[w]ithin the last year" that the draws that he made against the annuities significantly exceeded the accruing revenue. Further, Plaintiff contends that Defendants delayed and stalled when he directed them to move his account to another investment company and that this conduct constitutes conversion.

    Defendants filed a motion to dismiss the statement of claim on grounds of prescription. Defendants also challenged the Plaintiff's claims on the merits. The panel heard oral argument on the motion and later issued an award granting the motion to dismiss with prejudice. Plaintiff now moves to vacate the award.

**II.   DISCUSSION**

Plaintiff contends that the arbitrators are guilty of misconduct for dismissing his claims without holding an evidentiary hearing.  Plaintiff argues that the inquiry as to whether his claims sound in contract as opposed to tort, and are therefore subject to a longer prescriptive period, is a very fact intensive one.  Further, Plaintiff contends that the arbitrators are guilty of manifest disregard for the law because they completely ignored the doctrine of contra non valentum, which can halt the running of prescription in certain circumstances.

Judicial review of an arbitration award is "exceedingly deferential."  American Laser Vision, PA v. Laser Vision Inst., LLC, 487 F.3d 255, 258 (5th Cir. 2007) (quoting Kergosien v. Ocean Energy, Inc., 390 F.3d 346, 352 (5th Cir. 2004)).  Vacatur of an arbitration award is permissible only on very narrow grounds.  Brabham v. A.G. Edwards & Sons Inc., 376 F.3d 377, 380 (5th Cir. 2004) (citing Glover v. IBP, Inc., 334 F.3d 471, 473-74 (5th Cir. 2003)).  Pursuant to § 10 of the Federal Arbitration Act ("FAA"), the statutory grounds for vacatur include situations where 1) the award was procured by corruption, fraud, or undue means, 2) there was evident partiality or corruption in the arbitrators, or either of them, 3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient

cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced, or 4) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.  Brabham, 376 F.3d at 380-81 (quoting 9 U.S.C.A. § 10(a) (West Supp. 2004)).  Additionally, in this circuit manifest disregard of the law is an accepted non-statutory ground for vacatur.  Id. at 381.

Federal courts must defer to the arbitrator's decision when possible.  American Laser Vision, 487 F.3d at 258 (quoting Antwine v. Prudential Bache Sec., Inc., 899 F.2d 410, 413 (5th Cir. 1990)).  The failure of the arbitrator to correctly apply the law is not a basis for setting aside an award.  Id. (quoting Kergosien, 390 F.3d at 356).

To constitute "misconduct" requiring vacatur of the arbitrator's award an error in the arbitrator's determination must be one that is not simply an error of law but which so affects the rights of a party that it may be said that he was deprived of a fair hearing.  Laws v. Morgan Stanley Dean Witter, 452 F.3d 398, 399 (5th Cir. 2006) (quoting El Dorado Sch. Dist. No. 15 v. Continental Cas. Co., 247 F.3d 843, 848 (8th Cir. 2001)).  Vacatur based on manifest disregard of the law is

4

extremely narrow and requires "more than error or misunderstanding with respect to the law." American Laser Vision, 487 F.3d at 259 (quoting Prestige Ford v. Ford Dealer Computer Servs., Inc., 324 F.3d 391, 395-96 (5th Cir. 2003)). "The error must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator." Id. Manifest disregard of the law requires a showing that the arbitrator appreciated the existence of a clearly governing principle of law but simply chose to ignore it. Id. Once a manifest disregard is established relief will only be granted where enforcement of the award would result in "significant injustice." Id. (quoting Kergosien, 390 F.3d at 355).

    Plaintiff has not demonstrated either misconduct on the part of the arbitrators or manifest disregard of the law in concluding that Plaintiff's claims were subject to dismissal with prejudice. Nothing contained in the record suggests that the relationship between Plaintiff and Defendants was contractual in nature. Further, the Court has no basis to conclude that the arbitrators chose to ignore the doctrine of contra non valentum as opposed to simply rejecting its application under the facts. The record contains evidence to suggest that as of 1998 Plaintiff knew that he was depleting his annuity accounts. Finally, Plaintiff was

5

given a full opportunity to be heard on the motion to dismiss and the NASD rules do not require that the arbitrators conduct a full-blown evidentiary hearing in conjunction with a motion to dismiss.  See Sheldon v. Vermonty, 269 F.3d 1202 (10th Cir. 2001).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Vacate Arbitrators' Award (Rec. Doc. 14)** filed by plaintiff Anthony J. Clesi, Jr. is **DENIED**.

October 3, 2007

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE